**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SONYA J. McMILLEN,

      Plaintiff-Appellant,

v.

DRIVE FINANCIAL SERVICES,
L.P.,

      Defendant-Appellee.

No. 05-3120
(District of Kansas)
(D.C. No. 03-CV-2618-CM)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

**I. Introduction**

Plaintiff-Appellant Sonya McMillen and Defendant-Appellee Drive

Financial Services, L.P. were parties to a retail installment contract ("RIC") for

the purchase of a vehicle. When McMillen defaulted on the RIC, Drive Financial

repossessed the vehicle. Drive Financial returned the vehicle to McMillen and

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

reinstated the RIC after McMillen paid the outstanding balance due under the RIC. Subsequently, title to the vehicle was transferred from McMillen to Drive Financial. McMillen brought suit in state court, alleging the RIC was void pursuant to Kan. Stat. Ann. § 8-135(c)(7) because Drive Financial failed to timely deliver title to her after the RIC was reinstated and title was transferred to Drive Financial. McMillen also alleged various violations of the Kansas Consumer Protection Act. After the case was removed to federal court based on diversity jurisdiction, the district court granted summary judgment to Drive Financial. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and **affirm**.

## II. Background

The district court found the following facts undisputed, and neither party contests them on appeal. McMillen entered into a RIC with Randy Curnow Buick Pontiac GMC Truck, Inc. for the purchase of a Pontiac Sunfire in September 2001. The RIC was subsequently assigned to Drive Financial. At the time of the assignment, the Kansas Certificate of Title for the Sunfire listed Drive Financial as a lienholder and was properly assigned and delivered to McMillen.

McMillen continually defaulted on the RIC, and Drive Financial repossessed the vehicle on February 7, 2002. When McMillen paid the outstanding balance due under the RIC, Drive Financial reinstated the RIC. The

Sunfire was returned to McMillen on February 15, 2002. At that time, title to the Sunfire still reflected McMillen as the owner and Drive Financial as a lienholder.

On March 1, 2002, Drive Financial's repossession agent completed a repossession affidavit reflecting the February 7, 2002 repossession of the Sunfire. Subsequently, a new title was issued listing Drive Financial as the owner of the vehicle. McMillen did not become aware title was no longer in her name until September 2002, when she attempted to renew the license plates on the vehicle. Drive Financial requested that McMillen complete a power of attorney so it could transfer title to her. Drive Financial signed title of the Sunfire back to McMillen on February 24, 2003.

McMillen continued to miss payments after the RIC was reinstated, and she was never again current on her payments. On March 11, 2003, Drive Financial repossessed the Sunfire a second time. Because McMillen failed to redeem the vehicle, Drive Financial sold it at a private sale. After McMillen's account was credited with the sale price, the account showed a deficiency balance of $7855.45.

McMillen filed suit in state court alleging Drive Financial violated Kan. Stat. Ann. § 8-135(c)(7). The statute prohibits the sale of a vehicle unless title is transferred from the seller to the buyer at the time of delivery of the vehicle or at a time agreed upon by the parties within thirty days of delivery. Kan. Stat. Ann. § 8-135(c)(7). McMillen claimed Drive Financial violated the statute by failing to

-3-

timely convey title back to her after the RIC was reinstated and title was transferred to Drive Financial. McMillen also alleged Drive Financial violated various provisions of the Kansas Consumer Protection Act involving unconscionable and deceptive acts and practices.[1] Drive Financial removed the case to federal court and filed a motion for summary judgment. The district court granted summary judgment to Drive Financial. The court concluded Kan. Stat. Ann. § 8-135(c)(7) was not applicable because Drive Financial's reinstatement of the RIC did not transfer ownership of the vehicle and thus was not a sale. The district court determined Drive Financial did not obtain ownership of the vehicle after the first repossession on February 7, 2002. Therefore, the district court reasoned, Drive Financial had no ownership interest in the Sunfire to transfer to McMillen upon reinstatement of the RIC. Additionally, the district court determined Drive Financial was entitled to summary judgment on McMillen's Kansas Consumer Protection Act claims because those claims were premised on McMillen's proving a violation of Kan. Stat. Ann. § 8-135(c)(7).

## III. Discussion

We review a district court's grant of summary judgment *de novo*, applying the same legal standard used by the district court. *Bryant v. Farmers Ins. Exch.*,

---

[1]McMillen's complaint also stated a claim for defamation, but she abandoned this claim pursuant to a pretrial order dated July 29, 2004.

432 F.3d 1114, 1124 (10th Cir. 2005). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.* When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party. *Id.*

### A. McMillen's Kan. Stat. Ann. § 8-135(c)(7) Claim

McMillen alleges Drive Financial violated Kan. Stat. Ann. § 8-135(c)(7) by failing to timely deliver title to the Sunfire back to her after the RIC was reinstated and title was transferred to Drive Financial. McMillen contends violation of the statute rendered the reinstated RIC unlawful, fraudulent, and void. Kan. Stat. Ann. § 8-135(c)(7) provides, in relevant part,

> It shall be unlawful for any person to buy or sell in this state any vehicle required to be registered, unless, at the time of delivery thereof or at a time agreed upon by the parties, not to exceed 30 days, inclusive of weekends and holidays, after the time of delivery, there shall pass between the parties a certificate of title with an assignment thereof. The sale of a vehicle required to be registered under the laws of this state, without assignment of the certificate of title, is fraudulent and void, unless the parties shall agree that the certificate of title with assignment thereof shall pass between them at a time other than the time of delivery, but within 30 days thereof.

McMillen argues Drive Financial's reinstatement of the RIC and return of the Sunfire to McMillen constituted a sale, obligating Drive Financial to comply with the statute by passing title to McMillen within thirty days.

Kansas' Motor Vehicle Registration statute does not define the term "sale," and thus, we are confronted with a question of statutory interpretation. *See* Kan. Stat. Ann. § 8-126 (defining terms in Kansas' Motor Vehicle Registration Act). We begin with the plain language of the statute. *United States v. Ortiz*, 427 F.3d 1278, 1282 (10th Cir. 2005); *see also Melton v. Prickett*, 456 P.2d 34, 40 (Kan. 1969) (noting provisions of Kansas Motor Vehicle Registration Act should be interpreted literally). When a statute does not specifically define a term, we construe the term in accord with its ordinary or natural meaning. *Smith v. United States*, 508 U.S. 223, 228 (1993). "[A] sale is a transfer of property for a valuable consideration." *Jones v. Corbyn*, 186 F.2d 450, 453 (10th Cir. 1951). Drive Financial's reinstatement of the RIC did not constitute a sale in this case because McMillen did not give valuable consideration for the reinstatement. Drive Financial reinstated the RIC upon McMillen's payment of the outstanding balance due under the RIC. Doing something that one is already legally obligated to do, however, does not constitute consideration. *Apperson v. Sec. State Bank*, 528 P.2d 1211, 1219 (Kan. 1974). Because McMillen gave no valuable consideration for Drive Financial's reinstatement of the RIC, there was no sale and Kan. Stat. Ann. § 8-135(c)(7) does not apply.

Even if reinstatement of the RIC could arguably be labeled a sale, Drive Financial did not violate Kan. Stat. Ann. § 8-135(c)(7). The statute requires title

to be transferred from the seller to the buyer at the time of delivery of the vehicle or at a time agreed upon by the parties within thirty days of delivery. Kan. Stat. Ann. § 8-135(c)(7). Drive Financial reinstated the RIC on February 15, 2002. On that same day, McMillen regained possession of the Sunfire. At that time, the title to the vehicle listed McMillen as the owner and Drive Financial as a lienholder. Title was not transferred to Drive Financial until after March 1, 2002, when Drive Financial's repossession agent filed a repossession affidavit. Therefore, title to the vehicle was in McMillen's name on the date of delivery in compliance with the statute.

## B. McMillen's Kansas Consumer Protection Act Claims

McMillen also claims Drive Financial is liable for unconscionable and deceptive acts and practices pursuant to the Kansas Consumer Protection Act. Specifically, McMillen alleges Drive Financial's demand for, and acceptance of, payments pursuant to a void and unenforceable RIC was unconscionable and deceptive. McMillen's Kansas Consumer Protection Act claims, however, are contingent on her ability to establish that the RIC was void because it violated Kan. Stat. Ann. § 8-135(c)(7). Because there was no violation of Kan. Stat. Ann. § 8-135(c)(7), the district court's grant of summary judgment to Drive Financial on McMillen's Kansas Consumer Protection Act claims was proper.

## IV. Conclusion

For the foregoing reasons, this court **AFFIRMS** the district court's grant of summary judgment to Drive Financial.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge